Per Curiam.

Petitioner has filed a motion contesting the power of the court to refer these types of cases for hearing before master commissioners and requests a hearing before the court or a denial of his relief so that he may proceed into the federal courts. He refused to make any argument on the merits of his case. This court in McCann v. Maxwell, Warden, 174 Ohio St., 282, fully discussed the question of referral of original actions to master commissioners and determined that such procedure lay within the power of the court.
We will now proceed to consider this case on the petition and briefs of petitioner, in which he makes three contentions.
First, that he was represented by incompetent counsel appointed by the court. The petitioner’s own briefs show that the counsel who represented him came to the jail at his written request prior to his arraignment. This counsel was with him at every step of the proceeding, and there is nothing to indicate any incompetence on his part.
Even if it existed, however, questions as to the competency of counsel must be raised by appeal, not by habeas corpus. McConnaughy v. Alvis, Warden, 165 Ohio St., 102; Rodregues v. Sacks, Warden, 173 Ohio St., 456; and Doughty v. Sacks, Warden, 173 Ohio St., 407.
Second, petitioner contends that he was denied a jury trial. Petitioner signed a written waiver of jury in the case. A copy of such waiver was introduced into evidence.
Petitioner’s final contention is that it was illegal for the court to accept a plea of guilty to homicide generally when petitioner was indicted for murder in the second degree. He argues that this procedure would allow the court to find him guilty of murder in the first degree. Even under a plea of guilty to homicide generally, the court is bound by the indictment to the extent that, although the court may find an accused guilty of a lesser degree of the offense than is charged in the indictment, it cannot find the accused guilty of a greater degree of the offense than is charged in the indictment. The petitioner in the *442 instant case was charged with murder in the second degree. That is the maximum the court could find on a plea of guilty to homicide generally.
The procedure followed in the present instance was in accordance with the provisions of Section 2945.74, Revised Code, which reads in part as follows:
“If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly. ’ ’
That was the procedure followed by petitioner’s own choosing; he cannot now complain because he did not procure the results he desired.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.